## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re: | ) IN CHAPTER 7 PROCEEDINGS |
| | ) |
| ROBERT & JESSICA LEFFLER, | ) BK 20-60264 |
| | ) |
| Debtor. | ) |
| | ) |
| DONALD M. SAMSON, Trustee, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Adv. 20- |
| | ) |
| MONARCH LEGAL GROUP LLC | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT FOR FRAUDULENT TRANSFER
## PURSUANT TO 11 U.S.C. §548 (a)(1)(B)

The Complaint of Donald M. Samson, trustee, respectfully alleges:

1. That Donald M. Samson is the duly qualified and acting trustee in this case.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 as a core proceeding pursuant to 28 U.S.C. §157(b)(2)(E). Venue properly lies in this judicial district pursuant to 28 U.S.C. §1409(a), in that the instant adversary proceeding is related to the above-captioned case under Title 11 of the United States code which is still pending.

3. On or about September 23, 2019 Robert & Jessica Leffler, debtors, entered into a Service Agreement with defendant Monarch Legal Group LLC. The Service Agreement provides for defendant to act as a debt settlement entity to negotiate and settle Robert & Jessica Leffler's unsecured debt with their creditors.

4. On or after the date of the Service Agreement, through the date of filing of their bankruptcy on October 15, 2020, Robert & Jessica Leffler paid to defendant in a series of payments a total of $9,230.64 which was to be placed in a client savings account to be used to settle Robert and Jessica Leffler's unsecured debts to ten (10) creditors and pay fees to defendant.

5.  From the transfer of $9,747.00 paid to the defendant $520.00 was paid to debtors' creditors, $685.08 was refunded to the debtors and $8,025.56 was retained by the defendant for fees and costs.

6.  Debtors Robert & Jessica Leffler did not receive reasonably equivalent value for these transfers and at the time of the transfers were insolvent or became insolvent as a result of said transfers.

7.  Said transfer is fraudulent as to the trustee and may be avoided by him pursuant to the provisions of 11 U.S.C. § 548(a)(1)(B).

WHEREFORE, the trustee prays for judgment in the amount of $8,025.56.00 together with costs of suit incurred herein in the amount of $350.00 and for such further relief as this Court deems just and equitable.

DATE: 03/04/22

/s/ Donald M. Samson
DONALD M. SAMSON
Attorney for Trustee
226 W. Main St., Suite 102
Belleville, IL  62220
618-235-2226